**Bhupinder Singh BAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73663.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Marshall G. Whitehead, Esq., Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Bhupinder Singh Bal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") decision denying Bal's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's findings, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition in part, and grant the petition in part.

Substantial evidence supports the IJ's finding that Bal failed to demonstrate a well-founded fear of future persecution on account of an enumerated ground. *See Abedini v. INS*, 971 F.2d 188, 191–92 (9th Cir.1992). Bal failed to provide direct and specific evidence that would support a reasonable fear that he faces persecution based on his political or religious beliefs. He left India after an incident where he struck and killed a sacred cow with his tractor, but he was never arrested, detained, or harmed. *See id.* at 191 (stating that "the possibility of prosecution for an act deemed criminal in [a] society, which is made applicable to all people in that country" is not persecution).

Because Bal failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Lata*, 204 F.3d at 1244.

Bal contends, and respondent concedes, that the BIA did not review Bal's CAT claim under the proper legal standard. Therefore, we remand for the BIA to reassess Bal's CAT claim under the appropriate standard. *See Kamalthas v. INS*, 251 F.3d 1279, 1283–84 (9th Cir.2001).

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

